UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CHIMAYNE TALLEY | ] | |
| --- | --- | --- |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | NO. 3:17-cv-00256 |
| | ] | JUDGE CRENSHAW |
| BETH GENTRY, et al. | ] | |
| Defendants. | ] | |

## M E M O R A N D U M

The Plaintiff, proceeding *pro se*, is an pre-trial detainee at the Hill Detention Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Beth Gentry, Classification Manager at the Detention Center; Christopher Brown, Chief of Security; Tony Wilkes, Chief of Corrections; Pamela Hale, Facility Administrator; and three guards (Watkins, Joseph and Hutchinson); seeking damages.

In order to establish a claim under 42 U.S.C. § 1983, the Plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

In the Complaint, the Plaintiff describes three instances when he was exposed to other incompatible inmates. The defendants have a constitutional duty to protect the Plaintiff from the harmful conduct of fellow inmates. Ingraham v. Wright, 430 U.S. 651 (1987)(Fourteenth Amendment); Stewart v. Love, 696 F.2d 43, 44 (6th Cir.1982)(Eighth Amendment). Thus, a constitutional violation occurs when a prison official has been deliberately indifferent to the

1

Plaintiff's risk of injury. McGhee v. Foltz, 852 F.2d 876, 880-881 (6th Cir.1988).

In his first claim, the Plaintiff alleges that the defendant, Officer Watkins, moved him into a housing unit where an incompatible inmate (Justin Cunningham) was living. The Plaintiff does not allege that he had any contact with this inmate or that he was in any way harmed or threatened by him. As a consequence, this claim is insufficient to provide a basis for § 1983 relief.

According to his second claim, the Plaintiff was moved to a different housing unit where another incompatible inmate (Dominique Williams) was living. The Plaintiff made the officer on duty and a defendant, Lt. Joseph, aware of the danger. However, he was not moved out of the housing unit. As a result, he was involved in at least two physical altercations with this inmate. He filed grievances arising from this incident but they provided him no relief. Deliberate indifference can be inferred from the Plaintiff's factual allegations as they relate to his second claim. Thus, he has stated a colorable claim for relief under § 1983.

Plaintiff's final claim alleges that he was transported to court on a bus with another incompatible inmate (Bryan Pasquini). Before he was able to exit the bus, the incompatible threatened him with a sharp object. There are no allegations directed to any of the defendants arising from this claim other than the fact that defendant, Officer Z. Hutchinson, "was on post at HDC around the time." Since there are no factual allegations against the defendants arising from this claim, the claim is subject to dismissal.

Lt. Joseph has been named as a defendant because, according to Plaintiff's second claim, she was made aware of the danger but took no action to protect the Plaintiff. As noted above, this claim is actionable as to that defendant. However, the Plaintiff has also named Beth Gentry (Classification

Manager), Christopher Brown (Chief of Security), Tony Wilkes (Chief of Corrections) and Pamela Hale (Facility Administrator) as defendants in connection with this claim.

It appears that the Plaintiff has named these particular individuals as defendants because they did not grant him the relief sought in his grievances. Supervisory liability under § 1983 can not be based upon a mere failure to act. Active unconstitutional behavior is needed. Combs v. Wilkinson, 315 F.3d 548, 558 (6th Cir. 2002). Likewise, § 1983 relief will not be granted against prison officials whose only involvement was the denial of administrative remedies. Summers v. Leis, 368 F.3d 881, 888 (6th Cir. 2004); *see also* Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). Liability can not be based upon "simple awareness of employees' misconduct." Leary v. Daeschner, 349 F.3d 888, 903 (6th Cir. 2003). Therefore, the Plaintiff has failed to state an actionable claim against Gentry, Brown, Wilkes and Hale.

The Plaintiff's second claim is the only actionable claim remaining in the Complaint. Moreover, the claims against all of the defendants, with the exception of Lt. Carla Joseph, are subject to dismissal.

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE